UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY DIX, JR., <br><br> Plaintiff, <br><br> v. <br><br> NYRSTAR CLARKSVILLE, INC., <br><br> Defendant. | Case No. 3:23-cv-00923 <br><br> Judge Aleta A. Trauger <br> Magistrate Judge Luke A. Evans |

To:     The Honorable Aleta A. Trauger, District Judge

## REPORT AND RECOMMENDATION

Plaintiff Jimmy Dix, Jr. initiated this employment discrimination action against Defendant Nyrstar Clarksville, Inc. through counsel on August 30, 2023, alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (ADA), and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (ADEA). (*Id.*) On November 15, 2024, the Court granted Dix's attorneys' motion to withdraw as counsel and ordered Dix to notify the Court as to whether he would secure new counsel or proceed pro se. (Doc. No. 26.) Dix elected to proceed pro se. (Doc. No. 28.) The Court referred the case to the Magistrate Judge for further case management. (Doc. No. 33.)

Pending before the Court is Nyrstar's motion to dismiss for failure to cooperate in discovery or for failure to prosecute (Doc. No. 41) and three separate motions Dix filed seeking damages (Doc. Nos. 45, 46, 47). All of the motions have been fully briefed and, for the reasons below, the Magistrate Judge will recommend that Nyrstar's motion be granted and Dix's claims be dismissed without prejudice to refiling. The Magistrate Judge will further recommend that the Court deny Dix's motions for damages as moot.

I.      **Background**

   A.   **Factual Background**

At the time he initiated this action, Dix was sixty-five years old and had been working for Nyrstar since April 9, 1979. (Doc. No. 1.) Dix has held the position of "A-Operator" since 2014. (*Id.*) Dix states that he suffers from Osteoarthrosis and that, on April 4, 2019, he suffered a work injury that left him with a hamstring tear that has since "substantially limit[ed] his ability to walk, among other things." (*Id.* at PageID# 2.) As a result of his impairments, Dix states that he requested Nyrstar provide him with an accommodation by reassigning him to "the sweeper truck or clean-up crew." (*Id.*)

Dix alleges that Nyrstar denied his request, refused to collaborate on alternative accommodations, and then placed Dix on workers compensation leave. (*Id.*) Dix states that, on March 17, 2021, he met with Nyrstar's Human Resources Director, Patricia Bowling, to determine when he could return to work. (*Id.*) During that meeting, Dix claims that Bowling asked him when he was considering retiring, to which "Dix told Bowling that he planned to retire at age sixty-six (66) years old and six (6) months." (*Id.* at PageID# 3.) According to Dix, he was never permitted to return to work and was ultimately terminated on March 22, 2022. (Doc. No. 1.)

   B.   **Procedural History**

While it is unclear when Dix first contacted the Equal Employment Opportunity Commission (EEOC), Dix states that he filed his formal complaint with the EEOC on October 21, 2022 (Doc. No. 37), and the record indicates that the EEOC issued Dix a "right to sue" letter on June 2, 2023 (Doc. No. 56-1). The letter informed Dix that he had ninety days to file suit in federal court (*id.*) and he filed claims under the ADA and ADEA with the assistance of counsel on August 30, 2023 (Doc. No. 1).

On or around April 19, 2024, the firm for Dix's then-counsel attempted to contact Dix to complete necessary tasks for his case but Dix was unresponsive. (Doc. No. 25-1.) On October 25, 2024, Dix's counsel sent him a letter explaining the firm's attempts to contact him, requesting that Dix contact counsel by November 8, 2024, and warning that failure to respond would result in counsel withdrawing from Dix's case. (*Id.*) Dix's former counsel attested that Dix never made contact with the firm in furtherance of this action and, as result, petitioned the Court to withdraw as counsel. (Doc. Nos. 24, 25.) The Court granted the motion the same day and ordered Dix to communicate to the Court whether he intended to retain new counsel or proceed in the litigation pro se. (Doc. No. 26.) On December 10, 2024, Dix notified the Court he wished to proceed pro se. (Doc. No. 28.)

On January 17, 2025, the Court referred this action to the previous Magistrate Judge for further handling (Doc. No. 33), after which the Magistrate Judge granted Nyrstar's motion to amend the previous case management schedule and found that "a short extension of the fact discovery period and a corresponding extension of subsequent litigation deadlines [wa]s appropriate." (Doc. No. 39.) The Magistrate Judge also ordered Dix and Nyrstar to file a joint mediation report by July 31, 2025. (*Id.*) Approximately five months later, on July 24, 2025, Nyrstar filed the instant motion to dismiss and supporting memorandum for Dix's alleged failure to participate in discovery and otherwise prosecute this action under Federal Rules of Civil Procedure 37 and 41(b). (Doc. Nos. 41, 42.)

On August 5, 2025, the Magistrate Judge notified the parties that the July 31, 2025 deadline for their joint mediation report lapsed and, because it had not been filed, ordered the parties to file the report by August 15, 2025. (Doc. No. 44.) On August 15, 2025, Dix filed a joint mediation report (Doc. No. 48), Nyrstar filed its own status report (Doc. No. 49), and Dix filed motions for

punitive, liquidated, and compensatory damages (Doc. Nos. 45, 46, 47). However, Dix failed to timely and sufficiently respond to Nyrstar's motion to dismiss because "none of these filings responds to Nyrstar's motion to dismiss . . . or addresses Nyrstar's arguments that Dix failed to appear for his deposition and refused to produced [*sic*] documents that Nyrstar requested in discovery . . . ." (Doc. No. 53, PageID# 310.) On August 29, 2025, Nyrstar filed an omnibus response in opposition to Dix's motions for damages. (Doc. No. 52.)

Due to Dix's failure to respond, the Court ordered Dix on September 8, 2025, to file a response to the motion to dismiss by September 29, 2025, and warned Dix that failure to comply with the order would "likely result in a recommendation that his claims in this action be dismissed for the reasons stated in Nyrstar's motion to dismiss or under Rule 41(b) for Dix's failure to prosecute his claims and comply with the Court's orders." (Doc. No. 53.) Later, on September 15, 2025, the Court issued an order staying the remainder of the case resolution deadlines (Doc. No. 54) set forth in its February 6, 2025 order (Doc. No. 39) pending resolution of Nyrstar's motion to dismiss.

On the September 29 deadline, Dix filed a response in opposition to Nyrstar's motion to dismiss and a supporting memorandum, but neither filing directly addressed Nyrstar's arguments as to Dix's failure to follow Rules 37 and 41(b). (Doc. Nos. 55, 56.) On October 6, 2025, Nyrstar filed an optional reply (Doc. No. 57), and Dix filed a sur-reply without leave of the Court on October 17, 2025 (Doc. No. 58).

II. **Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S.

4

Case 3:23-cv-00923   Document 59   Filed 02/24/26   Page 4 of 9 PageID #: 549

626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736. The Sixth Circuit therefore affords district courts "'substantial discretion'" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319,

321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

### III. Analysis

Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Dix.

#### A. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591). The record indicates that Dix has persistently refused Nyrstar's attempts to take deposition testimony and to supplement his written discovery responses as required by Rule 37. (Doc. Nos. 42, 43) There is no indication that bad faith influenced Dix's persistent refusal to engage in the discovery process, but his disregard for his discovery obligations and his failure to respond to Nyrstar's motion to dismiss regarding his refusal to follow Rules 37 and 41(b) is indicative of willfulness and fault due to his record of clear delay. *See, e.g., Collins v. CoreCivic of Tenn., LLC*, No. 3:24-cv-00573, 2025 WL 3452493, at *2 (M.D. Tenn. Dec. 1, 2025) ("On the 'first factor—whether the party's failure is due to willfulness, bad faith, or fault—[it] requires "a clear record of delay or contumacious conduct."'") (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013)). Moreover, Dix failed to attend his noticed deposition and has repeatedly informed Nyrstar that he will not be sitting for a deposition or otherwise engaging in discovery to which Nyrstar is entitled. (Doc. Nos. 43.)

Because Dix has willfully and repeatedly refused to cooperate in discovery, and indicates that he will not be cooperating, this factor counsels in favor of dismissal.

**B. Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Dix's refusal to participate in discovery forced Nyrstar to spend time, money, and effort pursuing Dix's cooperation. Nyrstar "wasted an inordinate amount of time, money, and

effort" pursuing Dix's cooperation. (Doc. No. 42, PageID# 131.) *See Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368. This factor therefore weighs in favor of dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, Dix was warned that failure to comply with the Magistrate Judge's September 8, 2025 order to respond to Nyrstar's motion to dismiss and address Nyrstar's arguments that Dix failed to cooperate in discovery would likely result in a recommendation that the case be dismissed, (Doc. No. 53.) This factor weighs in favor of dismissal.

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here even though Nyrstar has filed a motion to dismiss with prejudice. *See Daniels v. Napoleon*, Civ. Action No. 14-10609, 2014 WL 6669116, at *1 (E.D. Mich. Nov. 24, 2014) (dismissing pro se plaintiff's complaint without prejudice for failure to prosecute and denying defendants' motion to dismiss as moot)." Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits . . . ." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "'more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal'" (quoting *Harmon*, 110 F.3d at 367)).

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the Court GRANT Defendant Nyrstar's motion to dismiss (Doc. No. 41) WITHOUT PREJUDICE and that Plaintiff Dix's three pending motions for damages (Doc. Nos. 45, 46, 47) be DENIED AS MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 24th day of February, 2026.

_____
LUKE A. EVANS
United States Magistrate Judge