# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **JIMMY DIX, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. 3:23-cv-00923** |
| **NYRSTAR CLARKSVILLE, INC.,** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM</u>

Before the court are plaintiff Jimmy Dix, Jr.'s Objections—spread across three different documents (Doc. Nos. 60, 61, 62)—to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 59), to which defendant Nyrstar Clarksville, Inc. ("Nyrstar") has filed a Response (Doc. No. 63). The R&R recommends that Nyrstar's Motion to Dismiss for Failure to Prosecute (Doc. No. 41) be granted, that this case be dismissed without prejudice under Federal Rule of Civil Procedure 41(b), and that all other pending motions be denied as moot.

For the reasons set forth herein, the R&R will be accepted in its entirety. The plaintiff's Objections will be overruled; the Motion to Dismiss will be granted, and this case will be dismissed without prejudice, thus rendering moot all other pending motions.

## I. STANDARD OF REVIEW

Within fourteen days after being served with a report and recommendation as to a dispositive matter, any "party may serve and file specific written objections to [a magistrate judge's] proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The district court must review *de novo* any portion of the report and recommendation "that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In conducting its review, the district court "may accept,

reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

However, the district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *Id.* at 151. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) (issues raised in a "perfunctory manner, unaccompanied by some effort at developed argumentation," are waived (quoting *Indeck Energy Servs., Inc. v. Consumers Energy Co.*, 250 F.3d 972, 979 (6th Cir. 2000))). Likewise, "[a] general objection to the entirety" of a magistrate judge's report and recommendation has the same effect as a complete failure to object. *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Finally, arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate judge for consideration are deemed waived. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Although *pro se* pleadings and filings are held to less stringent standards than those drafted by lawyers, *see, e.g.*, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), *pro se* litigants are not entirely exempt from the requirements of the Federal Rules of Civil Procedure. *See, e.g.*, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.    BACKGROUND

The thorough and detailed R&R sets forth the background of this case, noting in particular that the plaintiff filed suit, through counsel, on August 23, 2023, asserting violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act, and

that counsel for the plaintiff was granted leave to withdraw in November 2024, based on counsel's representations that their client had not responded to repeated efforts to contact him over the preceding seven months. In July 2025, Nyrstar filed the present Motion to Dismiss, asserting that Dix had failed to respond to reasonable discovery requests and had affirmatively refused to appear for his deposition. (*See generally* Doc. Nos. 41–43.)

Dix did not file a timely response to the Motion to Dismiss. Instead, he filed motions for punitive, liquidated, and compensatory damages. (Doc. Nos. 45, 46, 47.) Since these documents were not responsive to the Motion to Dismiss, the Magistrate Judge, on September 8, 2025, directed Dix to file a response no later than September 29, 2025, warning him that failure to file a response that addressed the defendant's arguments would "likely result in a recommendation that his claims in this action be dismissed for the reasons stated in Nyrstar's motion to dismiss or under Rule 41(b) for Dix's failure to prosecute his claims and comply with court orders." (Doc. No. 53 at 2.)

Dix filed two responses, one designated as a Memorandum, along with numerous exhibits, on September 29, 2025 (Doc. Nos. 55, 55-1, 56, 56-1); the defendant filed a Reply with exhibits (Doc. Nos. 57, 57-1, 57-2); and the plaintiff filed an unauthorized surreply with yet more exhibits (Doc. Nos. 58, 58-1). The plaintiff's response filings for the most part did not address the defendant's arguments for dismissal under Rules 37 and 41. Instead, they made it apparent that the plaintiff views this lawsuit as a continuation of his workers' compensation lawsuit that was dismissed in 2022. An attachment to the defendant's Reply shows that, although the Court of Workers' Compensation Claims initially, in August 2021, ruled in favor of the plaintiff on his claim for additional treatment covered by workers' compensation, that court ultimately dismissed

the plaintiff's case in January 2022 *with prejudice* for noncompliance with the court's orders. (Doc. No. 57-2 at 4.)

Federal Rule of Civil Procedure 41(b) provides that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." The Magistrate Judge discussed the applicable standard for dismissal under Rule 41(b) and analyzed the relevant factors (including (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions) as they apply in this case. The R&R finds that the first three factors weigh in favor of dismissal, as the record clearly establishes that (1) Dix has "willfully and repeatedly refused to cooperate in discovery, and indicates that he will not be cooperating"; (2) the defendant has been prejudiced by the plaintiff's dilatory conduct, having been forced to "waste an inordinate amount of time, money, and effort" pursuing Dix's cooperation; and (3) Dix had prior notice of the possibility of dismissal, having been warned by the Magistrate Judge's September 8, 2025 Order that a failure to respond to Nyrstar's Motion to Dismiss—and specifically to address Nyrstar's arguments that he had failed to cooperate in discovery—could result in dismissal. (Doc. No. 59 at 7–8; *see also* Doc. No. 53 at 1.)

As for the fourth element, the Magistrate Judge recognized that the defendant's motion requests dismissal *with* prejudice but that the less drastic sanction of dismissal *without* prejudice is available and appropriate in this case, as a dismissal without prejudice would "balance[] the Court's interest in 'sound judicial case and docket management' with 'the public policy interest in the disposition of cases on their merits.'" (Doc. No. 59 at 8 (quoting *Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 557 n.5 (6th Cir. 2004)).) Accordingly, the R&R recommends that this case be

dismissed without prejudice based on the plaintiff's failure to prosecute and, in particular, failure to cooperate with the defendant's reasonable discovery requests. (*Id.* at 9.)

The plaintiff's first Objection to the R&R addresses the defendant's statement, as part of the background support for its Motion to Dismiss, that the plaintiff had produced unverified answers to the defendant's First Set of Interrogatories. The plaintiff explains that he had a "communication problem" with a staff member of his former law firm, that he spent a lot of time on the interrogatories, and that he had requested changes and corrections that his attorneys never made and "felt pressured in signing an Interrogatory Verification Sheet that he did not agree with." (Doc. No. 60 at 2, 4.)[1] He also states that he completed other sets of interrogatories, apparently in connection with his workers' compensation case. (*Id.* at 5.)

The plaintiff's second "Objections" to the R&R recites some of the procedural history of this case, quotes verbatim from the Initial Case Management Order, and objects to dismissal of his case. (Doc. No. 61.) The plaintiff states that he believed he had sent his relevant tax return information by submitting it to his former counsel. He maintains that his "injury claim" is now seven years old, again indicating his belief that this lawsuit concerns essentially the "same dispute" "regarding Liability and Damages for his workplace injury that occurred on April 04, 2019" at issue in his workers' compensation case. (*Id.* at 2.) He believes that the sole purpose for the defendant's request to depose him is to file "another Motion for Summary Judgment," even though its previous motion (in the workers' compensation case) was dismissed in June 2021. (*Id.* at 3; *see also id.* at 5.) And he continues to argue that he is entitled to compensatory and punitive damages in this case. (*Id.* at 6.)

---

[1] For reasons that are unclear, he also discusses the defendant's objection to providing the personnel file for Kevin McClintock but ultimately producing it subject to a protective order. (Doc. No. 60 at 3–4.)

The plaintiff's third set of objections (entitled "Memorandum of Law") simply argues that he is entitled to damages for having been wrongfully terminated in violation of the ADA. (Doc. No. 62.)

## III.  DISCUSSION

Although the plaintiff proceeds *pro se* and is therefore entitled to some degree of leniency, his Objections and construed objections amount to "vague, general, [and] conclusory objections" that do not satisfy Rule 72(b)(1)'s "specific written objections" requirement. *See Cole*, 7 F. App'x at 356; *see also Joseph v. Joseph*, No. 19-3350, 2022 WL 3536273, at *18 (6th Cir. Aug. 18, 2022) ("Arguments that are raised 'in a perfunctory manner, unaccompanied by some effort at developed argumentation,' are waived." (quoting *Grinter v. Knight*, 532 F.3d 567, 574 n.4 (6th Cir. 2008)).

Here, the plaintiff does not dispute that he refused to be deposed, and he did not produce the tax returns requested by Nyrstar until he responded to the defendant's Motion to Dismiss. He raises no real objection to the factual or legal basis for the Magistrate Judge's findings or conclusions. The court, upon *de novo* review of the record as a whole, finds no error in the R&R and, therefore, will accept it in its entirety.

## IV.  CONCLUSION

For the reasons set forth herein, the plaintiffs Objections and construed objections (Doc. Nos. 60–62) will be overruled, and the R&R (Doc. No. 59) will be accepted. Accordingly, the Motion to Dismiss (Doc. No. 41) will be granted, but the plaintiff's claims will be dismissed without prejudice. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge